**IN THE COURT OF APPEALS OF IOWA**

No. 21-0406
Filed February 16, 2022


**JASON BRINGUS,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____


　　　Appeal from the Iowa District Court for Webster County, Angela L. Doyle,

Judge.


　　　Jason Bringus appeals the denial of his application for postconviction relief.

**AFFIRMED.**


　　　Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.


　　　Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

Jason Bringus entered an *Alford* plea[1] to attempted murder and a guilty plea to second-degree robbery. He later filed a motion in arrest of judgment claiming "[t]he sole reason [he] entered his plea of guilty was due to his desire to be taken to hospital for treatment of his hernia and the constant pain and distress it cause[d] him." The district court overruled the motion. On direct appeal, the court of appeals affirmed the ruling. *See State v. Bringus*, No. 15-0478, 2016 WL 903161, at *2 (Iowa Ct. App. Mar. 16, 2016). The court reasoned:

> There is nothing in the record to support Bringus'[] claim that he was of unsound mind or that his plea was otherwise not knowing or voluntary. During the colloquy, Bringus was lucid and answered the court's questions appropriately. He acknowledged during the colloquy he understood his rights, was waiving his rights, and wanted to plead guilty. The record made at the plea hearing was adequate to establish a knowing and voluntary plea. The court had the opportunity to observe Bringus at the plea hearing and at the hearing on the motion in arrest of judgment and to determine if Bringus appeared to be of unsound mind. It declined to do so. We do not find the court abused its discretion.

*Id.* (footnote omitted).

Bringus filed a postconviction-relief application, which was eventually narrowed to a claim that his plea attorney was ineffective in failing to "present evidence supporting the motion in arrest of judgment." Bringus asserted his attorney should have obtained "the testimony of a medical doctor, or some other qualified medical professional, to evaluate [him] to assist the court in determining whether [his] plea was knowing and voluntary." The postconviction court denied

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

the claim following an evidentiary hearing that included expert testimony, plea counsel's recollections, and Bringus' testimony.

On appeal, Bringus reprises his assertion that his plea attorney "breached an essential duty by failing to procure a medical expert to testify on [his] behalf." He contends the breach resulted in prejudice, "as he would have proceeded to trial if his [plea] counsel" had not "fail[ed] to procure necessary expert medical testimony in support of his motion in arrest of judgment."

Bringus correctly articulates the two prongs of an ineffective-assistance-of-counsel claim: deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). We elect to focus on the prejudice prong. "[T]o satisfy the prejudice requirement, [an applicant] must show that there is a reasonable probability that, but for counsel's errors, [the applicant] would not have pleaded guilty and would have insisted on going to trial." *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021) (quoting *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021)).

In asserting that he would have proceeded to trial, Bringus cites his acknowledgment at the motion-in-arrest-of-judgment hearing that withdrawal of his pleas would mean trial. But his "self-serving answer[] to [a] leading question" was belied by his plea-hearing concession that he understood he was giving up his right to have a trial. *See Doss*, 961 N.W.2d at 714.

Bringus' attorney confirmed Bringus "understood the finality" of his plea. At the postconviction-relief hearing, he explained Bringus "didn't want to proceed to trial on it, . . . he wanted to quote-unquote, get going. He knew that he was going to prison and . . . he wanted to try to get the best deal he possibly could." He said

Bringus "was saving himself time in guaranteeing that he wasn't going to get that possibility of consecutive sentences, so that was the benefit." Bringus "offered no substantial contemporaneous evidence supporting his claim." *Id.* at 724 (Appel, J., specially concurring). "Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* (citing *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

We conclude that, even if counsel had called an expert at the motion-in-arrest-of-judgment hearing to testify about the pain Bringus experienced when his pleas were taken, there is no reasonable probability Bringus would have insisted on going to trial, notwithstanding his professed understanding that this was the consequence of a successful motion. We affirm the denial of Bringus' postconviction-relief application.

**AFFIRMED.**